# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

UNITED STATES OF AMERICA,

v.  CASE NO. 4:08cr39-RH/WCS

DOROTHY DAWKINS RAINES,

    Defendant.

_____/

## ORDER RELEASING THE DEFENDANT PENDING APPEAL

The defendant Dorothy Dawkins Raines forged the payee's endorsement on two checks and negotiated them, keeping the money for herself.  During the process, Ms. Raines wrote the payee's social-security number on one of the checks.  The checks represented the proceeds of the payee's social-security-disability claim.

A jury convicted Ms. Raines on three counts—one each for negotiating the forged checks, and a count of aggravated identity theft for using the payee's social-security number.  The mandatory sentence on the aggravated-identity-theft count was 24 months in prison consecutive to the sentence on the other counts.  Together with a four-month sentence on the other counts, the total sentence was 28 months in prison.  Ms. Raines has appealed and has moved for release pending appeal.

The government opposes the motion.

# I

The Bail Reform Act sets forth the standards governing release pending appeal.  Release should be granted only if the court finds:

> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released . . .; and
>
> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in–
>
> (i) reversal,
>
> (ii) an order for a new trial,
>
> (iii) a sentence that does not include a term of imprisonment, or
>
> (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

18 U.S.C. §3143(b)(1).

# II

Ms. Raines is not likely to flee or to pose a danger to any other person or the community.  I so find by clear and convincing evidence.

One of the issues Ms. Raines apparently intends to raise on appeal is whether merely using a payee's social-security number when forging a check is sufficient to violate the aggravated-identity-theft statute, 28 U.S.C. § 1028A.  This

is an issue that, if successful, would result in reversal of the aggravated-identity-theft conviction.  Reversal of that conviction would in turn reduce Ms. Raines's overall sentence "to a term of imprisonment less than . . . the expected duration of the appeal process."  Ms. Raines raises this issue in good faith; the appeal plainly has not been taken for the purpose of delay.

The critical inquiry, therefore, is whether this issue—whether the statute applies to conduct of this kind—presents "a substantial question of law or fact."  The Eleventh Circuit has defined this standard as follows:

> a "substantial question" is one of more substance than would be necessary to a finding that it was not frivolous.  It is a "close" question or one that very well could be decided the other way.

*United States v. Fernandez*, 905 F.2d 350, 354 (11th Cir. 1990) (quoting *United States v. Giancola*, 754 F.2d 898, 901 (11th Cir. 1985)).

I conclude that this issue presents a "substantial" question under this definition.  Forging the endorsement on a check—particularly a check representing the proceeds of a social-security disability claim—is a serious offense that warrants federal prosecution and an appropriate sentence.  It is by no means self-evident, however, that forging an endorsement constitutes aggravated identity theft, even when the payee's social-security number is written on the check during the process.  Congress adopted the aggravated-identity-theft statute—and provided for a mandatory two-year consecutive sentence—because of the serious harm that

identity theft often inflicts on the victim and, in the aggregate, on the economic system as a whole.  Fraudulently negotiating a check and even writing a social-security number on the check during the process do not without more inflict the same kind of harm on either the victim or the economic system.  My ruling was and is that the conduct meets the terms of the broadly drafted statute and that Ms. Raines was properly convicted and sentenced.  But the contrary argument is "substantial" within the meaning of the Bail Reform Act.

In sum, Ms. Raines has met each of the criteria for release pending appeal. Accordingly,

IT IS ORDERED:

The defendant Dorothy Dawkins Raines's motion for release pending appeal (document 60) is GRANTED.  Ms. Raines will remain on release subject to the same conditions previously in effect.  Ms. Raines's emergency motion to extend her surrender deadline (document 62) is DENIED AS MOOT.

SO ORDERED on June 11, 2009.

                                  s/Robert L. Hinkle
                                  Chief United States District Judge