NORTHERN DISTRICT OF FLORIDA
Probation and Pretrial Services

# MEMORANDUM

DATE: February 6, 2014

REPLY TO ATTN OF: Malcom A. Osteen
United States Probation Officer

SUBJECT: **RAINES, Dorothy Dawkins**
**4:08CR39-001**
**Fact Memorandum for Early Termination of Supervision**

TO: The Honorable Robert L. Hinkle
United States District Judge



On March 23, 2009, your Honor sentenced the defendant to a total term of twenty eight (28) months imprisonment followed by a total term of three (3) years of supervised release for Counts 1: Theft of Government Property, Count 2: Aggravated Identity Theft, and Count 3: Making, Uttering or Possession a Forged Security. For special conditions of the defendant's sentence, please see the attached Judgment and Commitment Order. On August 3, 2012, the defendant was released from custody to commence her period of supervised release in the Northern District of Florida. The defendant has completed nearly eighteen (18) months of supervised release at this time. Her scheduled termination date is August 2, 2015.

## Statutory Provisions

Title 18 U.S.C. §§ 3564(c) and 3583(e)(1) permit the Court to terminate probation or supervised release after the expiration of one (1) year of supervision if satisfied that such action is warranted by the conduct of the offender and is in the interest of justice.

## Monograph 109

Pursuant to Monograph 109, the Supervision of Federal Offenders, as soon as offenders are statutorily eligible, probation officers should consider their suitability for early termination. The general criteria for assessing early termination are listed below. Following each numbered criteria, printed in italics, is an assessment of the defendant.

1. Stable community reintegration (e.g., residence, family, employment).
   *The offender currently resides with her husband, Frederick Jones, at their residence located at 303 African Street, Chattahoochee, Florida 32324. The offender has been unemployed since her release from custody, with exception to a three (3) month period that she reported self- employment as a cook. She reports that she now has a brain aneurysm, but was recently denied disability benefits.*

RAINES, Dorothy Dawkins
4:08CR39-001
Fact Memorandum for Early Termination of Supervision

2. Progressive strides toward supervision objectives and in compliance with all conditions of supervision.
   *Since her release from incarceration, the offender has been generally compliant with this officer. Prior to the offender's release from custody, she was placed at the Keeton Corrections, Residential Release Center (RRC), in Tallahassee. She was given a pass to attend church services, but after visiting the church, the RRC Director found that the offender was not present. She was found guilty of Violating a Condition of a Community Program, by the BOP Disciplinary Hearing Officer (DHO), and was returned to FCI Tallahassee for the remainder of her custodial sentence. It was during her time back at the institution, that the offender told her Case Manager that she was homeless and would require Second Chance Act assistance. This officer had previously approved a residence for her in Chattahoochee with her husband. This information was relayed to BOP staff, and the offender was not considered for the Second Chance Act. Ultimately, after her release, she went to live at the same home that this officer had approved during the pre-release investigation.*

   *It should be noted that the offender paid off the remaining balance of the restitution ordered in this case on February 27, 2013.*

   *The offender was sentenced to a five (5) year term of Probation for a conviction in the Circuit Court of Leon County, Florida on May 16, 2008, for Operating an Unlicensensed Assisted Living Facility. She received an early termination from State Probation in that case on August 13, 2013.*

3. No aggravated role in the offense of conviction, particularly large drug or fraud offenses.
   *According to the offender's presentence report, she was the sole perpetrator of the offenses of conviction.*

4. No history of violence (e.g. sexually assaultive, predatory behavior, or domestic violence).
   *None.*

5. No recent arrests or convictions (including unresolved pending charges), or ongoing uninterrupted patterns of criminal conduct.
   *It should be noted that the offender was arrested on August 5, 2012, for Grand Theft. She was released from the Leon County Jail on August 7, 2012. This case was the result of the offender not returning items that she rented on February 9, 2010, from Musician's Outlet, Tallahassee, Florida. The probable cause affidavit was not filed until August 4, 2010, after the offender had entered the custody of*

RAINES, Dorothy Dawkins
4:08CR39-001
Fact Memorandum for Early Termination of Supervision

> the BOP. She pleaded nolo contendere to one count of Grand Theft in the Circuit Court of Leon County on September 20, 2012. She was sentenced to two (2) days time served, in addition to fines and Court fees. The fines and fees were converted to one hundred and four (104) hours of community service on December 24, 2013, due to the offender's inability to pay. This is to be completed by April 1, 2014. As previously noted, this crime occurred prior to the offender's supervised release term.

6. No recent evidence of alcohol or drug abuse.
   *All urinalysis administered have produced negative results for the presence of any illegal substances.*

7. No recent psychiatric episodes.
   *During the pre-sentence stage, the offender reported that she was diagnosed with depression and anxiety. During this term of supervision, the offender has not displayed any signs of mental illness, nor has she reported any of the above noted issues.*

8. No identifiable risk to the safety of any identifiable victim.
   *There has been no identifiable risk to the safety of any identifiable victim(s).*

9. No identifiable risk to public safety based on the Risk Prediction Index or Post-Conviction Risk Assessment.
   *The Risk Prediction Index (RPI) and Post-Conviction Risk Assessment (PCRA) are tools used by officers to estimate the likelihood that an offender will be arrested or have supervision revoked during his or her term of supervision. They are statistical models developed by the Federal Judicial Center. RPI scores range from 0-9 with 9 indicating a higher likelihood of violation. Scores of 0 or 1 indicate that the offender has a very high likelihood of success. The PCRA ranks offenders chances of recidivism from low to high. The defendant's RPI is 3 and her PCRA score reveals she is a low risk for recidivism.*

Monograph 109 advises officers that during the first 18 months of supervision, the appropriateness of early termination should be based on the offender's overall progress in meeting supervision objectives and should include an evaluation of all the circumstances in the individual case. Offenders with identified risks to community safety should not be recommended for early termination. However, the failure to meet other listed criteria should not automatically exclude the offender from further consideration.

In addition, the existence of an outstanding financial penalty does not adversely affect early termination eligibility as long as the offender has been paying in accordance with the payment plan.

RAINES, Dorothy Dawkins
4:08CR39-001
Fact Memorandum for Early Termination of Supervision

At subsequent assessments, there is a presumption in favor of recommending early termination of probationers and supervised releases:

1. Who have been under supervision for at least 18 months and (a) are not career violent and/or drug offenders (as described in 28 U.S.C. § 994(h)), sex offenders, or terrorists, (b) present no identifiable risk to the public or victims, and (c) are free from any moderate or high severity violation; and

2. Who have been under supervision for at least 42 months and (a) are not career violent and/or drug offenders (as described in 28 U.S.C. § 944(h)), sex offenders, or terrorists, and (b) are free from any moderate or high severity violation.

Should your Honor have any questions or need further information, please contact this officer and I will promptly respond.

I declare under penalty of perjury that the foregoing is true and correct.

Malcom A. Osteen
United States Probation Officer

Reviewed by:

Mark Davy
Supervising U.S. Probation Officer

Attachments:
J&C
Presentence Report
Confidential Recommendation